IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VIRGIL TRUETT POOL, | |
| Plaintiff, | |
| v. | Civil Action No. 3:23-CV-00074-K |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's (the "Government") Motion for Leave to Designate Responsible Third Parties and to File Amended Answer (the "Motion"), Doc. No. 21, Plaintiff's Response to Defendant's Motion for Leave to Designate Responsible Third Parties, Doc. No. 27, and Defendant's Reply in Support of Its Motion for Leave to Designate Responsible Third Parties and to File Amended Answer. Doc. No. 29.

Upon consideration of the Parties' submissions, the Court **GRANTS** in part and **DENIES** in part as moot Defendant's Motion for leave to designate responsible third parties and to file an amended Answer. The Government seeks to reduce its damages liability in this car crash case. To do that, it asks to designate a driver and a state agency as third parties who are responsible for some of the damages Plaintiff Virgil Truett Pool suffered when he collided with a vehicle driven by an FBI employee. In support of its designations, it also seeks to add related allegations to its Answer. The Court allows the designation of the state agency over Mr. Pool's objection that it is

1

untimely because the Government was not delinquent in making any required disclosures relevant to the designation.  The Court also allows the amendment to the Government's Answer despite finding that the amendment is untimely because the Government has good cause for its belated amendment.  Among other things, the amendment may significantly affect the Government's liability, and the additional discovery it requires is manageable with a brief extension of the Parties' discovery deadlines that will not affect the Parties' trial date.  The Court denies as moot the designation of the driver who may have contributed to Mr. Pool's injuries because the Government has withdrawn its request to make the designation.

## I.   BACKGROUND

On January 11, 2023, Mr. Pool filed this negligence suit against the United States Government under the Federal Tort Claims Act (the "FTCA").  Doc. No. 1.  He claims that Thomas Tedder, an FBI employee, crashed into his sport utility vehicle nearly two years earlier during a multi-car pileup on an icy highway in Irving, Texas.  *Id.* ¶¶ 10–13.  A police report describes the crash as one part of a "chaotic scene" in which "freezing rain" and "extreme elements" caused several vehicles to strike each other.  Doc. No. 22 at 6.  Between the crash and the suit, Mr. Pool attached that report to a demand letter he sent to the Government, which rejected his demand.  Doc. No. 28 at 3–4.

In this litigation, the Government has similarly denied liability.  It filed an Answer in which it asserted that it did not proximately cause Mr. Pool's crash and that

third parties had negligently caused or contributed to Mr. Pool's injuries. Doc. No. 5 ¶¶ 8, 10. It also sought to reduce its liability because of these unidentified third parties' partial or complete responsibility for the injuries. *Id.* ¶ 10.

At the end of March 2023, the Court ordered the Parties to hold a scheduling conference within ten days. Doc. No. 7 at 1. After considering the Parties' scheduling proposals, the Court issued a scheduling order, which it amended once. Doc. Nos. 8–9, 14.

In October, two months after the deadline to amend its pleadings, the Government moved for leave to designate "responsible third parties" who may have contributed to Mr. Pool's car crash injuries and to amend its Answer with supporting allegations. Doc. No. 9 § 6; Doc. No. 21. According to the Government, a driver, Dakota Tyler Thurlow, pushed Mr. Tedder's vehicle into Mr. Pool's vehicle, and a state administrative agency, the Texas Department of Transportation ("TxDOT"), failed to ameliorate the dangerously icy conditions at the site of the crash. Doc. No. 21 at 7–9. The Government explained that it filed its Motion after the Court's amended pleadings deadline because it transferred its attorney to another section of the Government before the deadline in an effort to address "temporary understaffing" issues. Doc. No. 29 at 8. The attorney's replacement arrived after the deadline ran. *Id.* The replacement attorney updated the Government's initial disclosures to Mr. Pool to name Mr. Thurlow and an employee of TxDOT as individuals likely to have discoverable information, and she filed the Government's Motion within a month. *Id.*

3

After Mr. Pool opposed the Motion, the Government withdrew its request to designate Mr. Thurlow as a responsible third party.  Doc. No. 27; Doc. No. 29 at 1. Mr. Pool and the Government also jointly requested an extension of several of the deadlines in the Court's scheduling order in anticipation of a potential order granting the Government's Motion.  Doc. No. 23.  The Parties' requests included an extension of their deadline to designate expert witnesses, which expired in October, and a similar extension of their expert discovery deadline, which has not expired.  *Id.*  The Court denied the requests without prejudice pending its resolution of the Government's Motion.  Doc. No. 24.

## II.   APPLICABLE LAW

Before reaching the merits of the Government's Motion to designate third parties and amend its Answer, the Court must determine whether to apply federal or state law in resolving the Motion.  Because this is a tort suit against the Government under the Federal Tort Claims Act, the Court generally applies state law to substantive issues and federal law to procedural issues.  *See Akpan v. United States*, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018).

The designation of responsible third parties is a creature of Texas statute that does not fit neatly into this these categories.  It involves an interlocking set of rules for reducing a defendant's liability to a plaintiff when designated third parties contribute to the plaintiff's injuries.  Tex. Civ. Prac. & Rem. Code §§ 33.001–.017.  Some of those rules—like the rule reducing the defendant's liability—seem substantive, while others—

4

like the rule dictating the time for designating third parties—seem procedural. *Cromp-ton Greaves, Ltd. v. Shippers Stevedoring Co.*, 2011 WL 5920930, at *2 & n.2 (S.D. Tex. Nov. 28, 2011) (Rosenthal, J.).  The Court need not decide which rules are substantive and which are procedural because the Government and Mr. Pool both urge the Court to apply Texas law without exception.  Doc. Nos. 21, 27, 29.  The Court will do so. *Hancock v. Chi. Title Ins. Co.*, 2012 WL 82820, at *2 (N.D. Tex. Jan. 11, 2012) (Fitz-water, C.J.).

## III.  DISCUSSION

Turning to the merits of the Government's Motion, the Court first concludes that the Government's request to designate TxDOT as a responsible third party is proper under Texas law.  The Court then concludes that the Government has good cause for its untimely amendment of its Answer with allegations supporting the desig-nation.

### A. Designation of Responsible Third Parties

The Court grants the Government's request to designate TxDOT as a responsi-ble third party because the request is timely and not otherwise opposed.  The designa-tion of a third party who may have contributed to a plaintiff's injuries enables a de-fendant in a negligence case to reduce its damages.  Tex. Civ. Prac. & Rem. Code § 33.004(a).  Once designated, the trier of fact may assess this responsible third party's role in causing the injuries.  *Id.* § 33.003(a).  Unless the defendant is more than fifty percent responsible for the injuries, the defendant is generally not liable for damages

attributable to the responsible third party. *Id.* § 33.013.  The defendant may benefit from this rule by designating a responsible third party sixty or more days before the date set for trial. *Id.* § 33.004(a).  The Government met that deadline when it moved to designate TxDOT as a responsible third party almost eight months before trial.  Doc. No. 9 § 5; Doc. No. 21.

That is not the end of the story because there is a second designation deadline that depends on the age of Mr. Pool's claim.  Although the Government made its designation well before trial, the designation could still be untimely if it came after the statute of limitations ran on the claim.  Tex. Civ. Prac. & Rem. Code § 33.004(d).  The purpose of this claim-specific deadline is to give plaintiffs time to sue designated responsible third parties for their share of the plaintiffs' damages, so the rule is not absolute.  *See In re Dawson*, 550 S.W.3d 625, 629 (Tex. 2018) (orig. proceeding).  If the Government complied with its "obligations, if any, to timely disclose" that it may designate TxDOT, then the date of the designation does not matter.  Tex. Civ. Prac. & Rem. Code § 33.004(d).  Compliance with disclosure obligations during the period before the statute of limitations ran on Mr. Pool's claim would suffice because Mr. Pool cannot sue responsible third parties based on later disclosures.  *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786 (Tex. 2020) (orig. proceeding); *In re Bertrand*, 602 S.W.3d 691, 704 (Tex. App.—Fort Worth 2020, orig. proceeding).  By statute, the obligations must also arise "under the Texas Rules of Civil Procedure," but the Court will assume that the Government must comply with federal obligations, too.  Tex. Civ. Prac. &

Rem. Code § 33.004(d); *Black Mountain Sand, LLC v. N. Ala. Fabricating Co.*, 2022 WL 21594211, at *3 (W.D. Tex. Nov. 17, 2022).

The Government's designation is timely under the disclosure exception to the claim-specific deadline because the Government complied with all relevant disclosure obligations.  The Parties agree that the limitations period for Mr. Pool's claim ended before the Government's designation.  Doc. No. 27 at 4–5; Doc. No. 29 at 5.  Since the Government had no obligation to disclose the possibility it would designate TxDOT before the period ended, that is no bar to the Government's designation.  The Government may have had later disclosure obligations, but disclosure after the period ended would not have gotten Mr. Pool closer to recovering damages from TxDOT as an alleged contributor to his injuries.  *Mobile Mini*, 596 S.W.3d at 786.

Mr. Pool protests that the Government failed to identify TxDOT in its initial disclosures before the statute of limitations ran on Mr. Pool's claim.  Making initial disclosures under Federal Rule of Civil Procedure 26(a)(1) is one of the Government's disclosure obligations, but Mr. Pool does not explain how the date of the Government's disclosures change the timeliness analysis under Texas law.  In its initial disclosures, the Government had to give Mr. Pool the names of most individuals likely to have discoverable information related to this case, along with the topics on which they have information.  Fed. R. Civ. P. 26(a)(1)(A)(i).  These required disclosures may not include a specification of the individuals the Government considered designating as responsible third parties.  *Morris v. Aircon Corp.*, 2017 WL 2927478, at *3 (E.D. Tex.

June 15, 2017), *rep. & rec. adopted*, 2017 WL 2911733 (E.D. Tex. July 6, 2017).  If they do not, then the Government's purported noncompliance with Rule 26(a)(1) would not affect the adequacy of the Government's designation-related disclosures.  *See Webber, LLC v. Symons Corp.*, 2013 WL 3356291, at *2 (N.D. Tex. July 3, 2013) (McBryde, J.).

Assuming they do, the Government had no obligation to make the disclosures during the limitations period for Mr. Pool's claim.  Mr. Pool filed his claim one month before the period ended.  Doc. No. 1; Doc. No. 27 at 4–5.  After the Government appeared, the Court issued an order requiring the Parties to hold a scheduling conference.  Doc. No. 7 at 1.  Rule 26(a)(1) did not require the Government to provide Mr. Pool with initial disclosures until fourteen days after the conference, at which point the statute of limitations had run on his claim.

Mr. Pool does not dispute that the Government's designation of TxDOT as a responsible third party is proper if it is timely, so the Court will permit the designation based on its finding of timeliness.

## B. Amendment of the Government's Answer

Having granted the Government's request to designate TxDOT as a responsible third party, the Court grants the Government's request to amend its Answer to add allegations about TxDOT's alleged role in causing Mr. Pool's injuries.

The Government missed the Court's deadline for amending its pleading, so it must show that there is good cause for the amendment.  Doc. No. 9 § 6; *Sw. Bell Tel.*

*Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Good cause exists if the Government could not reasonably meet the deadline despite acting diligently. *Sw. Bell*, 346 F.3d at 546. To evaluate the Government's claim of good cause, the Court considers (1) the Government's explanation for its untimely request to amend its pleading, (2) the importance of its proposed amendment, (3) the prejudice that the amendment might cause Mr. Pool, and (4) the Court's ability to mitigate that prejudice by extending deadlines. *Id.* If the Government shows good cause, the Court would ordinarily evaluate whether the amendment satisfies the Rule 15(a) standard for timely amendments, but it confines its discussion to the good cause inquiry because Mr. Pool does not object to the amendment on any distinct Rule 15(a) ground. *Id.*

After considering the relevant factors, the Court concludes that there is good cause to permit the Government's amendment. The Government's explanation for its belated motion to amend its Answer is somewhat thin. It changed its attorneys to meet understaffing problems in the period when the deadline to amend ran. Doc. No. 29 at 8. The apparently unexpected gap in the Government's representation and its current attorney's relatively quick action to move for amendment nonetheless distinguish this case from the many cases in which courts have criticized parties for proposing untimely amendments to their pleadings merely because substitute counsel has appeared or spotted new legal issues in a case. *See, e.g., Eagle Railcar Servs.-Roscoe, Inc. v. NGL Crude Logistics, LLC*, 2017 WL 11634816, at *4 (N.D. Tex. Oct. 26, 2017) (Frost, M.J.); *Brinkley v. Timco Logistics Sys., LLC*, 2023 WL 2586307, at *2 (S.D. Tex.

Mar. 21, 2023); *D&M Specialties, Inc. v. Apache Creek Properties, L.C.*, 2014 WL 12493289, at *2 (W.D. Tex. May 12, 2014).

Beyond its understaffing explanation, the Government's demonstration of good cause to amend is stronger.  Permitting the amendment could significantly reduce the Government's damages liability.  *See Green v. Trimac Transportation S., Inc.*, 2011 WL 13137109, at *2 (E.D. Tex. Sept. 23, 2011).  The proposed amended allegations support the Government's designation of TxDOT as a responsible third party.  Doc. No. 22 at 46–47.  If the Court, sitting as factfinder in this case, finds that TxDOT bears at least partial responsibility for Mr. Pool's alleged injuries, the Government's liability could decrease correspondingly.  Tex. Civ. Prac. & Rem. Code § 33.013(a).

Allowing the amendment may cause Mr. Pool some prejudice, but the Court can substantially mitigate that prejudice with a brief extension of the Parties' discovery deadlines.  There are no dispositive motions pending, and trial is more than six months away, so Mr. Pool centers his objection to the amendment on the possibility that it will require additional discovery.  The scope of this discovery should be relatively narrow.  The Government's proposed amendment primarily raises two issues: whether icy conditions contributed to the car crash that injured Mr. Pool, and whether TxDOT bears responsibility for the conditions.  *See* Doc. No. 22 at 46–47.  A short extension of the discovery deadlines in this case will enable Mr. Pool to develop facts related to these issues.  Although the deadline for the Parties to designate experts has passed, expert and other discovery remains ongoing.  Doc. Nos. 9, 14.  In their earlier joint request to

amend the Court's scheduling order, the Parties indicated that they could obtain expert reports addressing TxDOT's responsibility within two months.  Doc. No. 23 ¶ 8.  The Court concludes that the Parties can complete their discovery into TxDOT's responsibility with a relaxation of the deadlines in the scheduling order and without a continuance of trial.  That result is more attractive than denying the Government an important defense.  *See Ysleta Del Sur Pueblo v. City of El Paso*, 2019 WL 1131421, at *3–4 (W.D. Tex. Mar. 12, 2019).

## IV.    CONCLUSION

The Court **GRANTS** the Government's Motion to designate responsible third parties and file and amended Answer in part and **DENIES** it in part as moot.  The Court permits the Government to designate TxDOT as a responsible third party and to amend its Answer insofar as the proposed amendments relate to TxDOT.  The Court accepts the Government's withdrawal of its request to designate Dakota Tyler Thurlow as a responsible third party.  The Government **SHALL FILE** a designation of TxDOT as a responsible third party and a copy of its proposed amended Answer, omitting allegations about Mr. Thurlow, in separate docket entries no later than November 27, 2023.  The Parties **MAY FILE** a joint motion to extend the discovery deadlines in this

case based on the Government's amendment of its Answer no later than November 27, 2023.

**SO ORDERED.**

Signed November 17th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE